**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MICHIGAN**
**SOUTHERN DIVISION**

JUAN MONROE WRIGHT,

      Plaintiff,

                                            Case No. 13-15071

v.                                      Hon. Lawrence P. Zatkoff

STEVE HAGERMAN, *et al.*,

      Defendants.

_____/

<u>**OPINION AND ORDER**</u>

AT A SESSION of said Court, held in the United States Courthouse,
in the City of Port Huron, State of Michigan, on January 10, 2014

PRESENT: THE HONORABLE LAWRENCE P. ZATKOFF
UNITED STATES DISTRICT JUDGE

**I. INTRODUCTION**

Plaintiff submitted his *pro se* complaint [dkt 1], an application to proceed *in forma pauperis* [dkt 2], and a request for service [dkt 3] on December 13, 2013. For the following reasons, Plaintiff's request to proceed *in forma pauperis* is GRANTED and his *pro se* complaint is DISMISSED.

**II.  ANALYSIS**

**A. PLAINTIFF'S REQUEST TO PROCEED *IN FORMA PAUPERIS***

Plaintiff has filed an application to proceed without prepayment of fees. Under 28 U.S.C. § 1915(a), "any court of the United States may authorize the commencement, prosecution or defense of any suit, action or proceeding . . . without prepayment of fees or security therefor, by a person who submits an affidavit that includes a statement of all assets such prisoner possesses that the person is unable to pay such fees or give security therefor." The reference to assets of

"such prisoner" is likely a typographical error; thus, § 1915(a) applies to all natural persons.  *See Floyd v. U.S. Postal Serv.*, 105 F.3d 274 (6th Cir. 1997).  If a motion to proceed without prepayment of fees is filed and accompanied by a facially-sufficient affidavit, the Court should allow the complaint to be filed.  *See Gibson v. R.G. Smith Co.*, 915 F.2d 260, 261 (6th Cir. 1990) (citing *Phillips v. Carey*, 638 F.2d 207, 208 (10th Cir. 1981)).  Only after the complaint is filed is it tested to determine whether it is frivolous or fails to state a claim.  *See id.* at 261.

The Court finds Plaintiff's financial affidavit facially sufficient; therefore, the Court GRANTS Plaintiff's application to proceed *in forma pauperis* [dkt 2].

## B. REVIEW OF PLAINTIFF'S COMPLAINT

Upon considering a plaintiff's request to proceed *in forma pauperis*, the Court performs a preliminary screening of the complaint under several provisions of the United States Code. Pursuant to 28 U.S.C. §§ 1915A, 1915(e), and 42 U.S.C. § 1997e(c)(1), the Court is to *sua sponte* dismiss the case before service on a defendant if it determines that the action is frivolous or malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief against a defendant who is immune from such relief.  The Court has a duty to construe a *pro se* plaintiff's pleadings liberally, *see, e.g.*, *Haines v. Kerner*, 404 U.S. 519 (1972), but in doing so, it will not re-write a deficient complaint or otherwise serve as counsel for that plaintiff.  *See GJR Invs, Inc. v. County of Escambia, Fla.*, 132 F.3d 1359, 1369 (11th Cir. 1998).

Here, Plaintiff Juan Monroe Wright ("Plaintiff") filed a *pro se* complaint against Defendants Steve Hagerman, Westside Brick, LLC, and Wayne County Circuit Court Chief Judge Virgil C Smith ("Defendants").  Plaintiff alleges that Defendants "attempted to fraudulently convey the Plaintiff's non corporate domicile."  Plaintiff's complaint further states that Defendant Smith injured Plaintiff by "destroying evidence from the court file which caused

Plaintiff to become injured." Plaintiff requests this Court to cancel "the sale" and grant Plaintiff $350,000.00 in damages.

Despite Plaintiff's requests, the Court cannot discern any recognizable claim contained within Plaintiff's various filings. Plaintiff provides no factual basis or other background information through which his sorted allegations may be supported. Additionally, Plaintiff provides no information as to which "sale" he is referring, or any information as to how the Defendants are involved in any such sale. As such, the Court finds that Plaintiff's complaint fails to state a claim upon which relief may be granted, and thus is dismissed without prejudice.

### III. CONCLUSION

Accordingly, IT IS HEREBY ORDERED that Plaintiff's request to proceed *in forma pauperis* [dkt 2] is GRANTED.

IT IS FURTHER ORDERED that Plaintiff's request for service [dkt 3] is DENIED.

IT IS FURTHER ORDERED that Plaintiff's complaint [dkt 1] is DISMISSED WITHOUT PREJUDICE pursuant to 28 U.S.C. § 1915(e).

IT IS SO ORDERED.

Date: January 10, 2014                    s/Lawrence P. Zatkoff
                                          Hon. Lawrence P. Zatkoff
                                          U.S. District Court